IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TUESDAY SHALON JOHNSON, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:17-CV-444-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 26 U.S.C. § 2241 filed by Petitioner, Tuesday Shalon Johnson, a federal prisoner confined at FMC-Carswell in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is serving a 240-month term of imprisonment for her 2009 conviction in the United States District Court for the Western District of Oklahoma for distribution of cocaine base (crack). Pet'r's Resp. 3, ECF No. 8. This habeas petition involves the Initiative on Executive Clemency (IEC) for federal prisoners. Petitioner alleges that she has submitted clemency requests, to no avail. *Id.*

**II. ISSUES**

Petitioner claims that President Obama and the Department of Justice (DOJ) exercised presidential clemency power and executive action in violation of the United States Constitution and federal regulations. *Id.* at 1. Specifically, Petitioner asserts the president and the DOJ, in violation of her constitutional rights to due process and equal protection, administered the criteria for the IEC in a discriminatory manner by rendering clemency recommendations and granting clemency to

inmates who did not meet their criteria, by discriminating against inmates based on their "criminal offense and sex," and by denying her "meaningful access" to a fair clemency review process. *Id.* at 3-4. She also claims that the IEC made it more difficult for her to qualify, apply, and receive a recommendation for clemency in violation of the ex post facto clause. *Id.* at 3. Finally, she claims that the IEC is "*void ab initio* because the Respondents failed to comply with the notice and comment requirements of Sections 551 and 553" of the APA.[1] *Id.* at 3 (emphasis added). She seeks declaratory relief and a reduction in her sentence commensurate "to the average reduction given other prisoners who received clemency under the voided regulations." *Id.* at 5.

## III. DISCUSSION

As a preliminary matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims in the context of a habeas petition under § 2241. Petitioner contends that this Court has jurisdiction to consider the petition in this context pursuant to the Administrative Procedures Act (APA), which "provides [that] a reviewing court may set aside an agency action that is arbitrary, capricious, abuse of discretion, or otherwise not in accordance with law." Pet. 2, ECF No. 1. The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. According to Petitioner, "the new clemency regulations set by the Obama Administration, IEC, as posted nationwide in every prison . . . [represent] a substantive rule change which required the [DOJ] to comply with 5 U.S.C. §§ 551, 553, the 'notice and comment' requirement" of the APA. Pet. 2, ECF No. 1. The Court finds no support for this

---

[1] To the extent Petitioner raises new constitutional claims for the first time in her reply brief, the claims are not considered. *See United States v. Cervantes,* 132 F.3d 1106, 1111 (5th Cir. 1998).

argument. The APA establishes the procedures federal administrative agencies use for "rule making," defined as the process of "formulating, amending, or repealing a rule." 5 U.S.C. § 551(5). Notice-and-comment requirements of the APA apply only to so-called "legislative" or "substantive" rules, which have the "force and effect of law"; they do not apply to "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice," which do not. *Id.* § 553(b); *Shalala v. Guernsey Mem'l Hosp.,* 514 U.S. 87, 99 (1995); *Chrysler Corp. v. Brown,* 441 U.S. 281, 302-303 (1979). Clearly, the IEC and the criteria set out therein are not legislative rules with the force and effect of law. The regulations that do affect clemency are found at 26 C.F.R. §§ 1.0-1.11 and are not binding on the president. 26 C.F.R. § 1.11. Although the DOJ is an "agency" within the meaning of the APA, "[f]ederal clemency is exclusively executive: Only the President has the power to grant clemency for offenses under federal law." *Harbison v. Bell,* 556 U.S. 180, 187 (2009). And, "the substantive discretion of the president in the exercise of his clemency power is all but absolute." *Spinkellink v. Wainwright,* 578 F.2d 582, 618 (5th Cir. 1978), *cert. denied,* 440 U.S. 976 (1979). The president can grant or deny clemency at will, notwithstanding the DOJ's procedures or criteria. Petitioner fails to establish that judicial review of her clemency claims under the APA is appropriate in this case.

Furthermore, even assuming the claims were properly presented under § 2241, to obtain federal habeas relief, Petitioner must show that she is being held in "violation of the Constitution, or laws, or treaties of the United States." 26 U.S.C. § 2241(c)(3). Petitioner cannot make such a showing as she has no statutory or constitutional right to clemency or clemency proceedings. *See Conn. Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1981). *See also Greenholtz v. Inmates of the Neb. Penal and Corr. Complex,* 442 U.S. 1, 7 (1979) (providing "[d]ecisions of the Executive

3

Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decision making must comply with standards that assure error-free determinations."). Because she has no such right to clemency, she is not entitled to due process in connection with the procedures by which a petition for clemency is considered or a clemency decision. *See Griggs v. Fleming,* 88 Fed. App'x 705, 2004 WL 315195, at *1 (5th Cir.), *cert. denied,* 542 U.S. 931 (2004).

Petitioner claims that President Obama and the DOJ violated her right to equal protection and meaningful access to the IEC by:

1. Making exceptions to the new clemency regulations for some prisoners that did not meet the new regulations, but not for all prisoners;

2. [By discriminating] against women prisoners who were less than 5% of clemency recipients; and

3. [By] [p]retextually [discriminating] against white collar and other low-level offenders.

Pet. 4, ECF No. 1. According to Petitioner, the president and the DOJ violated her right to equal protection "by selectively denying a benefit to certain disfavored groups, but misleading the Petitioner and the public to believe that the clemency process would be available to 'worthy candidates.'" *Id.* This claim is conclusory. The equal protection clause requires essentially that all persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). To prevail on an equal protection claim, Petitioner must show that an official actor intentionally discriminated against her because of her membership in a protected class or that she received treatment different from that received by similarly situated inmates and that unequal treatment was based on some constitutionally protected interest. *Gibson v. Tex. Dep't of Ins.,* 700

F.3d 227, 238 (5th Cir. 2012); *Piaster v. Landaus Cty.,* 354 F.3d 414, 424 (5th Cir. 2004). Petitioner wholly fails to establish that she is a member of a protected class; that she was treated differently than similarly situated inmates whose clemency petitions were granted based on intentional discrimination; or that she has a constitutionally protected right under the equal protection clause to clemency or an unbiased decisionmaker in the clemency process.

Petitioner's ex post facto argument is equally frivolous. She asserts that retroactive application of the IEC's criteria, which make it more difficult for her to qualify, apply, and receive a recommendation for presidential clemency, violates ex post facto principles by applying regulations that were not in effect on the date of the offense. Pet. 3, ECF No. 1. However, the new criteria did not result in increased punishment retroactively for Petitioner. As there is no "risk of increasing the measure of punishment attached to" Petitioner's crime as a result of the new criteria, their application to her does not violate the ex post facto clause, if it applies at all. *See Garner v. Jones,* 529 U.S. 244, 250 (2000).

## III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 26 U.S.C. § 2241 is DENIED, and a certificate of appealability is DENIED.

**SO ORDERED** on this 13th day of April, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**